IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| K.M., <br><br> Plaintiff, <br><br> v. <br><br> REVA PROPERTIES, LLC, d/b/a SUPER 8, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:22-CV-3991-TWT |

**OPINION AND ORDER**

This is a human trafficking case. It is before the Court on Plaintiff K.M.'s Motion to Strike [Doc. 59]. For the reasons provided below, the Motion to Strike [Doc. 59] is DENIED.

### I. Background

This action arises out of K.M.'s allegation that she was trafficked for commercial sex at Defendant Reva Properties, LLC's hotel. K.M.'s Complaint asserts one civil beneficiary claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Reva. (Compl. ¶¶ 35-68). After answering the Complaint, Reva filed a Notice of Non-Party Fault [Doc. 14] notifying K.M. of its intention to apportion fault pursuant to O.C.G.A. § 51-12-33. Then, during K.M.'s deposition on November 17, 2023, she testified that she was trafficked at additional hotels and by additional people. (Def.'s Br. in Opp'n to Mot. to Strike, at 5). Reva then filed a

Supplemental Notice of Non-Party Fault [Doc. 56] seeking to apportion fault to the additional individuals and hotels mentioned in K.M.'s deposition. K.M. now moves to strike the Supplemental Notice of Non-Party Fault.

## II.     Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In federal court, "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). "Based on this plain language, courts have held that documents not identified in Rule 7 . . . cannot be struck pursuant to Rule 12(f)." *Meyer v. Panera Bread Co.*, 2018 WL 5017747, at *3 (D.D.C. Oct. 16, 2018) (citations omitted); *see also Kartiganer v. Newman*, 2010 WL 3928087, at *4 (D. Colo. Sept. 24, 2010) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." (citation omitted)). When a pleading is identified, "[a] court has broad discretion in ruling on a motion to strike; however, striking portions of a pleading is a drastic remedy, and motions to strike are disfavored." *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51 (D.D.C. 2010) (citations omitted); *see also In re Catanella & E.F. Hutton & Co., Inc. Sec. Litig.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984) ("The standard for striking under Rule 12(f)

2

is strict.").

### III.   Discussion

The Court finds there are two issues with K.M.'s Motion. First, the Supplemental Notice [Doc. 56] is not a pleading. Notices are not listed as one of the seven types of pleadings allowed in federal court. Fed. R. Civ. P. 7(a). Since "documents not identified in Rule 7…cannot be struck pursuant to Rule 12(f)," *Meyer*, 2018 WL 5017747, at *3, the Court finds that this Motion is improper.[1]

Second, even if the Supplemental Notice could be construed as a pleading, the Court does not believe that K.M. has met her burden under Rule 12(f). To be sure, K.M. makes good arguments for why there should not be apportionment in TVPRA claims. For starters, the Court does not see any reason why a Georgia apportionment statute would control whether apportionment is allowed in a case being heard in federal court under federal question jurisdiction without any state law claims alleged. *See Ditullio v. Boehm*, 2010 U.S. Dist. LEXIS 148772, at *4 (D. Alaska Feb. 23, 2010) (agreeing that the TVPRA's civil remedy section "does not provide for the application of state law, and therefore state apportionment rules do not apply."); *cf Garrick v. City & Cnty. of Denver*, 652 F.2d 969, 971 (10th Cir.

---

[1] K.M. cites to *Knieper v. Wright*, 2018 WL 11330169, at *7 (N.D. Ga. Dec. 18, 2018), to argue that the Court can construe a notice as a pleading. However, that case involved a motion in limine rather than a motion to strike under Rule 12(f).

3

1981) ("Federal standards govern the determination of damages under the federal civil rights statutes." (citations omitted)).

Even if Georgia law does not apply, Reva argues in the alternative that the TVPRA should be interpreted to include apportionment. The Court is doubtful that this is the correct interpretation of the statute. Congress expanded 18 U.S.C. § 1595 in 2008 to permit victims of trafficking to bring a civil action against those who knowingly benefitted from participation in a venture that violated the TVPRA. Pub.L. 110-457, Title II, § 221(2), 122 Stat. 5067 (codified as amended at 18 U.S.C. § 1595). Given that an essential element of this cause of action is "participation in a venture," it is foreseeable (necessary, in fact) that other individuals and/or entities would be involved in the alleged wrongdoings for these types of claims. Yet, the civil remedy section of the TVPRA makes no mention of apportionment. *See* 18 U.S.C. § 1595. Moreover, Reva has not provided (and the Court has not found) a single case in which a court has permitted a TVPRA civil beneficiary defendant to apportion damages to nonparties. (*See* Def.'s Br. in Opp'n to Mot. to Strike ("Defendant is not aware of any other cases that address the precise question presented by plaintiff's motion.")). It would be surprising if civil beneficiary defendants have always been permitted to apportion their damages to nonparties but have never attempted to do so.

It would also be surprising that Congress intended to permit apportionment without saying so since it was foreseeable that others would be

4

involved in these claims and since allowing civil beneficiary defendants to apportion fault to traffickers, individuals who sexually assault victims, and other beneficiaries would drastically undermine the effect of the civil beneficiary provision. This is especially true given that the restitution section of the statute plainly does allow for apportionment. 18 U.S.C. § 1593(b)(2) (requiring restitution to be "issued and enforced in accordance with section 3664"); 18 U.S.C. § 3664(h) (permitting courts to "make each defendant liable for payment of the full amount of restitution" or "apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."). Given all of this, the Court is deeply skeptical that Reva will ultimately be able to raise the affirmative defense of apportionment. However, K.M. has not provided any case law or other authority that clearly states that apportionment is prohibited for TVPRA claims. Because of this and because a notice is not a pleading for purposes of Rule 12(f), the Court concludes that K.M. has not met her heavy burden for a motion to strike. The issue may be revisited in a motion for summary judgment or in the pretrial order.

### IV. Conclusion

As explained above, the Plaintiff's Motion to Strike [Doc. 59] is DENIED.

SO ORDERED, this ___21st___ day of March, 2024.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge